Mi*. Justice NELSON
delivered the opinion of the court.
What affords some plausibility to the argument, on the part of the plaintiff, is the peculiarity of the words of the proviso. The words are, “provided, no marsh or tide lands located within five miles of the city, &e., shall be sold or purchased by authority of this act.” This purchase, as appears from the certificate, was made in 1864, under the act of May 13th, 1861, and hence was not within any restriction, as none existed in that act. The point is a nice one, but, we are inclined to think, not substantial. It will be observed that the act of May 14th does not profess to confer any authority of itself to sell or to purchase the marsh and tide lands, but provides that any remaining unsold may be purchased under the provisions of the laws now in force — that is, under the act of May 13th. It incorporates, by the reference, that act into its own provisions as the authority for future sales, and when the restriction is limited to sales or purchases made hy authority of this act, it necessarily embraces sales and purchases under the act of May 13th, that being the act to which reference is made, and where the authority may *794 be found. This construction, which conforms to the- fair and reasonable import of the terms of the act, makes, the two statutes sensible and consistent, and avoids the absurdity which must otherwise be imputed to the legislature of passing two acts, in two consecutive days, each containing an independent authority for the sale and purchase of these marsh and tide lands. — one with the five miles restriction, and the other without it.
It. may be said that the clause authorizing the sales of these lands in the act of May 14th, in terms, refers only to laws then in,force, providing for the sales of swanip and overflowed lands, and hence that the reference is to the act of April 21st, 1858. But the answer is, that the act of May lpth provides for the sales of lands of this class, and then, by the 27th section.- enacts that the provisions of the act should apply to salt-marsh or tide lands the same as to those of swamp and overflowed. This section incorporated these marsh and tide lands into the several provisions of the act of' May 13th, putting them on the same footing as the other class, and hence the reference in the act of May 14,th fairly embraced them. But, independently of this view, as the act of May 18th provided for the sales of swamp and overflowed lands, the reference, by its terms, is as applicable to that act as to the. act of 1858.
The intent of the legislature to prohibit these sales within the five miles is apparent 'from another provision of the act of May 14th, for while it confirmed those that had been made •under some misconstruction of previous laws, it excepted those made within the five miles, save only alcalde grants.
There is another act' of the legislature quite as decisive against, the title of the plaintiff as the one we have examined, and less involved, passed April 27th, 1863. This act provides for the sales of swamp and overflowed marsh and tide lands belonging to the State. It fixes the price and time of credit given to the purchaser, prescribes the oath to be taken by him on the application, and thé duties of the county surveyor in making the location, also of the surveyor-general and register of the land office. The act provides, also, for *795 certificates of purchase and the issuing of the patents; and section 30 declares: a This act shall not apply to the marsh and tide lands upon the city front, and within five miles of the city and county of San Francisco,” &c. And section 31 provides that “ all acts and parts of acts in conflict with the provisions of this act are hereby repealed.”
This act adopts a general system for the .sale of certain specified classes of the public lands, and, among others, marsh and tide lands, and, as we have seen, repeals in express terms all previous laws inconsistent or in conflict with it. And, of course, if any previous law existed authorizing a sale of these lands within five miles of the city of San Fi’aneisco, which, the 30th section of this act prohibits, it must be regarded as repealed.
We need only add, the sale of the lot iu question was made after the passage of this act. There being no authority to sell the land in question or issue the certificate, it follows that the plaintiff is without title, and the court below was right in giving judgment for the defendant.
Judgment aeeirmed.
Mr. Justice FIELD did not sit in the case, or take any part in its decision.